# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: June 26, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| ROSALIE HELEN PEDERSEN,   * | |
|                                 * | No. 17-1562V |
|             Petitioner,      * | |
| v.                                  * | Special Master Gowen |
|                                  * | |
| SECRETARY OF HEALTH     * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES      * | Voluntary Dismissal |
|                                  * | |
|           Respondent.    * | |
| * * * * * * * * * * * * * * * * * * * | |

Jeannette Poyerd-Loiacono, Jeanette Poyerd-Loiacono PLLC, Staten Island, NY, for petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 6, 2019, Rosalie Helen Pedersen ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 24). For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$23,398.66**.

### I.      Procedural History

On October 19, 2017, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccination on November 10, 2014. *Id*. at 1.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.***

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 22, 2018, petitioner filed a Motion for a Decision Dismissing Petition to voluntarily withdraw her claim. (ECF No. 20). On November 5, 2018, I granted petitioner's motion and dismissed petitioner's claim. (ECF No. 21). Judgment was entered on December 6, 2018. (ECF No. 23).

On February 6, 2019, petitioner filed a motion for attorneys' fees and costs. Fees App. (ECF No. 24). Petitioner requests compensation for her attorney, Ms. Jeannette Poyerd-Loiacono, in the total amount of $23,398.66. This represents $19,114.00 in attorney's fees and $4,284.66 in costs. Fees App. at 15. Petitioner stated that she did not personally incur any expenses in this case. Fees App. Attach. 6.

On February 20, 2019, respondent filed a response to petitioner's motion which provides that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 25). Petitioner did not file a reply. The matter is now ripe for adjudication.

## II.     Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1). I find no cause to doubt the good faith or reasonable basis of bringing this claim and respondent has not objected to the good faith or reasonable basis of the claim either. Accordingly, I find that petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

2

### III. Reasonable Attorney's Fees and Costs

#### a. Hourly Rate

Petitioner requests compensation for her attorney, Ms. Jeannette Poyerd-Loiacono. Fees App. at 1. This is Ms. Poyerd-Loiacono's first case in the Vaccine Program. Petitioner requests that Ms. Poyerd-Loiacono be compensated at $300.00 per hour for work on this case for 2017, 2018 and 2019. Additionally, petitioner requests that Ms. Poyerd-Loiacono be compensated at $140.00 per hour for a paralegal performing work on this case in 2017, 2018 and 2019.

Ms. Poyerd-Loiacono was admitted to the bar of the State of New York in 2007 and has been practicing law, primarily in personal injury cases, for over 11 years. Pet. Fees App. Attach. 1 at 4-5. Ms. Poyer-Loiacono's practice is based in Staten Island, New York has she has handled cases throughout New York, New York. *Id.*

The Attorneys' Forum Hourly Rate Fee Schedules in the years 2017 through 2019 are as follows:[3]

| Attorney's Years of Experience | 2017 | 2018 | 2019 |
|---|---|---|---|
| 8-10 years of experience in practice | $281 – $358 | $291 – $370 | $297 – $378 |
| 11-19 years of experience in practice | $357 – $383 | $317 – $396 | $324 – $405 |
| Paralegals | $128 – $148 | $132 – $153 | $135 – $156 |

Special masters have consistently awarded the forum rate for attorneys practicing in the New York City area. Ms. Poyerd-Loiacono's requested rate of $300.00 per hour is below the forum rates for attorneys with 11 to 19 years of experience in practice. Additionally, the requested rate is at the low end of the range for attorneys with eight to ten years of experience in practice. The same analysis applies for the requested paralegal rate of $140.00 per hour. As a result of Ms. Poyerd-Loiacono's experience and her practice in personal injury law, I find the requested attorney rate of $300.00 per hour and paralegal rate of $140.00 per hour to be reasonable and will award those hourly rates in full.

#### b. Hours Expended

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521. Petitioner requests $19,114.00 in attorney's fees. After review of the hours billed, I find that the hours billed are reasonable and no reductions are necessary. **Accordingly, petitioner is awarded attorney's fees in the amount of $19,114.00**.

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed June 25, 2019) as set by *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### c. Attorney's Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,284.66 in costs. $1,484.66 represent the costs of filing the petition, obtaining medical records, and copying. These costs are typical of the expenses in the Vaccine Program. The amounts are reasonable and adequately documented. Thus, these costs will be awarded in full.

Petitioner is also requesting $2,800.00 for the retainer of Dr. David Axelrod. Dr. Axelrod spent 3.5 hours reviewing petitioner's medical records, 2.5 hours conducting research into the case, and an hour preparing an expert report. Fees App. Attach. 5 at 2 (ECF No. 24). Utilizing an expert can help a petitioner determine the strength of his or her case, even if an expert report is not filed or the case is ultimately dismissed. This is what occurred in the above-captioned case. An expert was consulted to review the medical records and ultimately, the report was never filed.

Dr. Axelrod is requesting compensation at a rate of $400.00 an hour for the seven hours he spent on this matter. Other special masters found Dr. Axelrod's hourly rate to be reasonable. *Conception Plevak, Petitioners, v. Sec'y of Health & Human Servs.*, No. 15-1119V, 2019 WL 964126, at *5 (Fed. Cl. Spec. Mstr. Jan. 28, 2019); *Domke v. Sec'y of Health & Human Servs.*, No. 16-307V, 2018 WL 1835330, at *8 (Fed. Cl. Spec. Mstr. Mar. 12, 2018). I also find Dr. Axelrod's requested rate to be reasonable and will award a rate of $400.00 an hour. Upon review, I find the time Dr. Axelrod expended on this case to be reasonable. Thus, I will award petitioner costs of $2,800.00 for Dr. Axelrod's work in this case.

**Therefore, I will award the requested attorney's costs in full and award petitioner attorney's costs in the amount of $4,284.66.**

### IV.    Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**. I will award petitioner attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $19,114.00 |
| (Total Reduction of Fees) | - |
| **Attorneys' Fees Awarded** | **$19,114.00** |
| | |
| Attorneys' Costs Requested | $4,284.66 |
| (Reduction of Costs) | - |
| **Attorneys' Costs Awarded** | **$4,284.66** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$23,398.66** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $23,398.66, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Ms. Jeannette Poyerd-Loiacono.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).